### REFIOR v. LANSING DROP FORGE CO.
### No. 9077.

Circuit Court of Appeals, Sixth Circuit.
Jan. 5, 1942.

A. E. Fixel, of Detroit, Mich., and Alexander H. Schullman, of Los Angeles, Cal. (Alexander H. Schullman, of Los Angeles, Cal., on the brief), for appellant.

Elroy Jones, of Detroit, Mich. (Cummins & Cummins, of Lansing, Mich., and Dykema, Jones & Wheat, of Detroit, Mich., on the brief), for appellees.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant appeals (1) from an order dismissing his petition as amended, (2) because the presiding judge proceeded further in said cause after appellant had filed an affidavit that said Judge had a personal bias against appellant and his counsel. Orderly disposition of the appeal requires that we outline as briefly as possible the events leading to the entry of the orders of which the appellant complains.

Appellant, as a minority stockholder of appellee, the Lansing Drop Forge Company, filed this action in the District Court on September 10, 1935, charging appellees, Emil M. Refior, Edward H. Refior and Alva M. Cummins, majority stockholders of said corporation, with fraud and negligence in the management of its affairs, which resulted in losses to the corporation.

Appellees filed their answers on October 11, 1935, denying the material allegations of the petition. On January 27, 1936, appellant procured an order authorizing him to make an examination of the books and records of appellee, the Lansing Drop Forge Company, and on February 12, 1936, appellant moved the court for a reference of the cause to a Master, which was denied. The trial of the cause was first commenced on June 9, 1936, before the Honorable Edward J. Moinet, District Judge, and in the course thereof was continued on the court's motion, with the consent of appellant and over the objection of appellees for the purpose of making a further audit of the books and records of the appellee corporation.

On July 21, 1936, appellant filed a motion to restrain the individual appellees from holding a meeting of stockholders and directors of the appellee corporation and on July 27, 1936, the court sustained this mo-

tion and entered a conformable restraining order. On December 18, 1936, appellant filed an amended petition praying an injunction restraining the corporate appellees' directors from acting on its behalf except in the matter of purchases and sales in the ordinary course of business, and the court issued such restraining order.

On February 7, 1938, appellant filed an amended and supplemental bill of complaint and on April 15, 1938, appellees filed answers thereto and set up certain affirmative defenses and on appellant's motion, time was extended to April 12, 1938, for his reply, which was filed June 12, 1941.

Appellees, from time to time, moved the court to set the cause for trial, but because of the congested condition of the court's docket, it was not reached on the trial calendar until February 14, 1939. In the interim appellant had substituted on the docket other local attorneys and those displaced objected to the substitution until appellant had paid the agreed fees for their services.

In December 1939, appellant's new local counsel filed on his behalf a petition for another restraining order further limiting the action of the Board of Directors of corporate appellee and in the course of the hearing on this motion, the trial judge, the Honorable Edward J. Moinet, suggested that the cause be referred to a Special Master for all purposes, to which appellant agreed and appellees' counsel drew the order which counsel for appellant refused to approve. Judge Moinet then set the action for trial October 1, 1940, but counsel for appellant moved for a continuance, which was granted.

On October 30, 1940, Honorable Frank A. Picard, District Judge, was substituted for Judge Moinet and the parties were notified by Judge Picard that on November 8, 1940, a definite trial date for said cause would be fixed, and on that date the case was again set for trial January 7, 1941. On December 31, 1940, appellant's non-resident counsel notified Judge Picard that he would not be able to try the case on the date set, but would be able to try it after January 21, 1941.

Judge Picard notified counsel that he would not be able to try it at that time because of his absence from the District and thereupon counsel for appellant requested the court to refer the cause to a Master, to which the court agreed.

Appellant's counsel failed to prepare the order of reference as directed by the court and the court then instructed appellees' counsel to prepare it and submit it to appellant's counsel, which was done, and the order was entered January 8, 1941. On this date, the Special Master notified all counsel in writing that he had set the case for February 17, 1941. On February 13th, after Judge Picard had left the District, appellant filed a motion to set aside the order of reference and prayed the court to set the cause for trial. Appellant's counsel notified appellees' counsel that he would appear before Judge Picard after his return on March 3, 1941, and ask for an oral hearing on his motion to revoke the order of reference and to fix the date of trial. Appellees and their counsel appeared before the Master for hearing on the date set, but appellant and his counsel refused to appear, and the hearing was discontinued. The appellees, thereupon filed a petition for decree, dismissing appellant's complaint as amended and for dissolution of the restraining orders and the recovery of costs, and notified appellant and his counsel that the motion would be called for hearing before Judge Picard on March 3, 1941. Appellant's local attorneys, who had theretofore been discharged by him, filed an intervening petition in the action asking for an order fixing fees and praying the court to disallow the appearance of other local counsel for appellant until their petition had been considered by the court. Appellant's motion to revoke the order of reference, appellees' motion to dismiss the bill and the petition of counsel for attorneys' fees all came on for hearing before Judge Picard on April 28, 1941, and on that date the court overruled appellant's motion to revoke the order of reference, and on April 29, 1941, the court refused to permit the appearance of substituted local attorneys until appellant had paid his former attorneys for their services.

After hearings on the respective motions, appellant's substituted local attorneys requested the court to hold in abeyance further consideration of the respective motions until appellant's non-resident attorney of Los Angeles, California, could be present. The court postponed further consideration of the motions until May 12, 1941, and at a hearing on this date, ordered appellant to pay or secure the payment of the fees to his discharged counsel

and also modified the order of reference to the Master, limiting the hearing to proof as to the appellee corporation's records and books. On this date, appellant moved for a stay of proceedings, pending an appeal to this court, on his objections to the order of reference, which motion was denied. The matter came on for hearing before the Master on May 13, 1941, at which time appellant's counsel appeared and moved for an adjournment of two weeks. The Master reported appellant's motion to the court, who on hearing set aside the order of reference and requested counsel to agree on a date for trial. The parties agreed in writing that the case should be tried on May 22, 1941, but on filing this agreement, the court set June 17, 1941. The order provided that if either party did not appear on this date, the cause would be considered a default as to the delinquent. The motion of appellees to dismiss the bill of complaint was denied.

When the case came on for hearing on June 17, 1941, there was presented the matter of the sufficiency of the surety guaranteeing the payment of attorneys' fees to appellant's discharged counsel, and in the course of the hearing on this matter, appellant's substituted local counsel withdrew from the cause and asked that their names be stricken from the record. Thereupon, appellant's non-resident counsel moved that the cause be continued for trial for two months so that new local counsel could be employed and acquaint himself with the facts. The court ordered a continuance for one week upon the payment by appellant of $100.00 in costs. Appellant refused to pay the costs or to proceed with the trial of the cause either on June 17, 1941, or one week later. On June 18, 1941, the court dismissed appellant's bill of complaint because of his failure to proceed with the trial and his refusal to comply with the court's conditional order of continuance.

On June 27, 1941, appellant filed a motion to set aside and vacate the final decree of the court dismissing his bill and in the motion alleged that the court had compelled him to proceed to trial within one week after June 17, 1941, which was insufficient time in which to obtain local counsel and that the Judge of the trial court was biased and prejudiced and had abused his discretion in denying the motion for a continuance of two months. This motion was argued before the court and overruled.

On July 3, 1941, appellant filed an affidavit of bias and prejudice in which he stated that Judge Picard had a personal bias and prejudice against him and his cause of action and for this reason appellant could not obtain, and had not had, a fair and impartial hearing on his motions and could not get a fair trial. He stated he did not file the affidavit ten days before the trial of the case for the reason that said bias and prejudice had not crystallized and appellant's knowledge of it did not become complete and clear until June 17, 1941, the date of the trial, and that prior thereto appellant had requested his non-resident attorney to prepare and file an application to disqualify Judge Picard, but that said attorney advised him that any apparent prejudice of the trial court would probably disappear from his mind at the trial, but that on the date of the trial he felt that Judge Picard had retained his prejudice and that on that date non-resident counsel for appellant requested the court to disqualify and asked leave to file an affidavit for said purpose, which was denied. He stated that the absence of knowledge that the bias and prejudice would be carried over by the trial judge was good cause for his failure to file his affidavit within ten days before the beginning of the term of court.

On July 7, 1941, appellees filed a motion to strike appellant's affidavit of bias and prejudice as legally insufficient. The motion of appellant to set aside and vacate the decree, appellees' motion to strike the affidavit of bias and prejudice and the question of taxation of costs came on for hearing before Judge Picard on July 7, 1941, at which time he directed the entry of an order denying appellant's motion to set aside and vacate the decree and granting the motion of appellees to strike the affidavit of bias and prejudice from the files and to tax the costs to appellant.

The Federal Rules of Civil Procedure [48 Stat. 1064, 28 U.S.C.A. §§ 723b, 723c] and rule 41(b), 28 U.S.C.A. following section 723c, provide that a defendant may move for dismissal "for failure of the plaintiff to prosecute or comply with these rules or any order of court * * *" and the rule further provides that "unless the court in its order for dismissal otherwise specifies, a dismissal

under this subdivision and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits." The cited rule enunciates a well-settled concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority independent of statute or rule to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion. Colorado Eastern Railway Company v. Union Pacific Railway Company, 8 Cir., 94 F. 312.

The present question is whether the District Court abused its discretion in dismissing appellant's cause on the facts appearing in the record. Welch v. Ruggles-Coles Engineering Company, 2 Cir., 19 F.2d 288.

■ Parties to litigation are entitled to its prosecution with reasonable diligence. Where prejudice results to one party by failure on the part of the party on whom rests the burden of going forward with a cause within a reasonable time to bring about its determination, the injured party has the right to move for dismissal. Actual injury may either be shown or inferred from the lapse of time if the lapse be great.

■ Every litigant has the duty to comply with the reasonable orders of the court and, if such compliance is not forthcoming, the court has the power to apply the penalty of dismissal.

The facts show that this cause had been pending for more than six years at the time of dismissal and in the interim appellees had done their utmost to obtain a trial without success. The facts also show that during this entire period appellant had the same non-resident attorney who was familiar with all facts of the case.

■ It is the general practice when a bill of complaint is dismissed without consideration of the merits, to state in the decree that the dismissal is without prejudice (Swan Land & Cattle Co. v. Frank, 148 U.S. 603, 612, 13 S.Ct. 691, 37 L.Ed. 577), but this rule has exceptions, one of which is that when the facts establish that plain legal prejudice would result to the opposite party from the granting of a dismissal without prejudice, the rule is inapplicable. Olsen v. Muskegon Piston Ring Company, 6 Cir., 117 F.2d 163.

■ Under the circumstances here present, we are of the opinion the trial court did not abuse the sound discretion with which it is vested by entering the order dismissing the cause for want of prosecution and for failure of the appellant to comply with the court's conditional order for a continuance, and we are also of the opinion that to have dismissed the bill without prejudice would have worked a hardship on appellees.

The affidavit of prejudice on which appellant relies was not filed until after the court had overruled his motion for a continuance and after he had filed his motion to set aside and vacate the final decree dismissing his bill. The affidavit was filed on July 3, 1941, when the case had been closed in the lower court and in the affidavit appellant stated that he had knowledge of the alleged bias and prejudice of the Judge before June 17, 1941, but the fact did not become fixed in his mind until the time the cause came on for trial.

■ A motion to disqualify a judge under Section 21 of the Judicial Code, 28 U.S.C.A. § 25, must be filed ten days before the beginning of the term, or as soon as practicable before the term begins, or if the disqualifying facts are not discovered before its beginning, as soon thereafter as practicable.

■ The judge against whom the affidavit is filed may pass upon its sufficiency but not upon the truth or falsity of the facts alleged. Berger v. United States, 255 U.S. 22, 33, 41 S.Ct. 230, 65 L.Ed. 481. Section 21 of the Judicial Code was "never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause." Ex parte American Steel Barrel Company, 230 U.S. 35, 45, 33 S.Ct. 1007, 1010, 57 L.Ed. 1379.

■ The facts and reasons assigned for the prejudice alleged by the appellant to exist are the rulings of the trial judge on appellant's motions for continuance, his refusal to set aside the decree of dismissal and some remarks indicating irritation at appellant's dilatory tactics. Eliminating the remarks indicating irritation by the trial judge, the rulings complained of were subject to review by this court and have been reviewed in this opinion. The remarks of which appellant

complains, in our opinion, are insufficient to indicate prejudice on the part of the Judge and we find in the record no support for the affidavit of disqualification.

 Denial of continuance, or the dismissal of a cause of action, coupled with a showing of irritation of the trial judge at the time of the entry of the orders, are not sufficient foundation for the application of the present section of the judicial code, otherwise a litigant could experiment as to the attitude of a trial judge and relitigate issues before another judge, to the annoyance and expense of parties with resulting delay in the disposal of cases. The statute, by its express terms, requires diligence in filing the affidavit of disqualification and does not permit a litigant, after he has knowledge of the alleged bias or prejudice of the trial judge and without notice, to go forward in the cause before filing such affidavit after the facts of disqualification are known to him.

In our opinion, the facts relied on by appellant were insufficient and the application to recuse was not timely filed. Shea v. United States, 6 Cir., 251 F. 433.

The orders and decree are affirmed.