Ruby JOSEPH, Plaintiff,

v.

NORTON COMPANY, Defendant.

United States District Court
S. D. New York.
May 25, 1959.

Bernard Friedman, New York City, for plaintiff.

Thomas F. Keane, Brooklyn, for defendant.

DAWSON, District Judge.

This is a motion to vacate and set aside a final judgment of dismissal entered against the plaintiff in this cause, and to restore the cause to the trial calendar. The motion is made pursuant to F.R.Civ.Proc. Rule 60(b) (1), 28 U.S. C.A., on the ground of "excusable neglect" on the part of plaintiff's attorney.

It appears that this action, which is one for personal injuries, was instituted on May 24, 1957. On November 29, 1957, attorneys for the plaintiff filed a note of issue and a statement of readiness for trial.

On January 21, 1959, the case was placed on the assignment calendar and defendant appeared and advised the Court that it was ready for trial. Plaintiff's attorney at that time asked for an adjournment on the ground that plaintiff's attending physician was ill and plaintiff was not ready to proceed to trial. This request for adjournment was denied by Judge Sugarman and the case was assigned to Judge Palmieri for trial. The parties were ordered to appear before Judge Palmieri on January 23, 1959, ready for trial. On January 23, 1959, plaintiff again requested an adjournment. The case was then sent back to Judge Sugarman, where, after further discussion before him, the case was adjourned to the head of the calendar for March 16, 1959.

On March 18, 1959, the case came on before Judge Herlands. At that time plaintiff's attorney made an application to have the case removed from its position at the head of the calendar on the ground that there was then pending a motion for discovery and inspection. Judge Herlands denied the application and the case was marked ready for trial.

On March 31, 1959, the attorneys were notified by the Calendar Clerk that the case had been assigned to Judge Dawson for trial and that both sides were to be ready to proceed to trial on April 1, 1959.

On April 1, 1959, when the matter came on before Judge Dawson, Samuel Friedman appeared as trial counsel for the plaintiff and again requested an ad-

journment. His request for the adjournment was based on the ground that one of his associates, Edward G. Galian, was ill and could not appear. Mr. Friedman stated that he was the trial counsel for plaintiff and he so states in the affidavit submitted on this motion. He states in his affidavit that he had agreed to act as trial counsel with the understanding that he would be assisted by Edward G. Galian, who was associated with him in his law office. The application for the adjournment was, therefore, not made on the ground that the trial counsel was ill, or that trial counsel was unable to appear, but rather because one of the associates of trial counsel was ill. Judge Dawson offered to put the case over to the afternoon, in order that Mr. Friedman might further familiarize himself with the file in the case. Mr. Friedman stated that he could not be ready to proceed at that time, or at any time until Mr. Galian was able to be present in court, and he could not state when that would be.

■ This is a case which is illustrative of the delays which create court congestion. Whenever the case was assigned out for trial the plaintiff came forward with some excuse for adjournment. After being notified that the case would definitely be sent out for trial on April 1st, and having made no application to the Calendar Commissioner for a delay in this assignment, trial counsel then appeared on the day set and said that he could not go forward because one of his associates could not be present. The associate, Mr. Galian, in an affidavit presented on this motion, states that he had prepared the case for trial; that the memorandum of law was complete; subpoenas had been served. Apparently the necessary trial preparation had been made. Mr. Friedman, in his affidavit submitted on this motion, states that he had agreed to act as trial counsel in the matter and he was certainly on notice for several months prior to April 1, 1959, that the case was about to be reached for trial. To appear in court on this final date and absolutely refuse to go to trial because of the illness not of the man who was to try the case, but of his associate who was to assist the trial counsel, justified dismissing the action. Calendar Rule 7(d) of the Calendar Rules of the Southern District of New York provides in part:

"Each cause assigned to a trial part shall be tried or dismissed. Where good cause for adjournment has arisen after assignment to a trial part, application for adjournment shall be made to the trial judge."

■ It was obvious in this case that the plaintiff was seeking constantly to postpone the trial of the action. Illness of an *associate* of the trial counsel in an ordinary negligence action is not good ground for an adjournment, where the trial counsel himself is present in court with the file of the case and is given sufficient time to prepare himself to start the trial. This court has difficulty enough in processing cases, due to applications for adjournment by trial counsel because of engagements in other courts, or other excuses. Now if we are to grant adjournments whenever trial counsel can claim that an associate of his is ill, it will make the handling of the trial calendars a matter of discretion for the attorneys, rather than the responsibility of the court.

The cause shown in the application for the adjournment is not a good cause; the Court was justified in directing the attorney to proceed to trial. When the attorney for the plaintiff refused there was nothing left for the Court to do except to dismiss the action, which was what was done. Such a dismissal operates as an adjudication upon the merits. See Rule 41(b) of the Rules of Civil Procedure.

The motion is denied.