Helen DALRYMPLE, Administratrix of the Estate of Walter Dalrymple, deceased, Plaintiff,

v.

PITTSBURGH CONSOLIDATION COAL COMPANY, Defendant.

Civ. A. No. 14506.

United States District Court
W. D. Pennsylvania.

Sept. 25, 1959.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

John L. Laubach, Jr., of Rose, Houston, Cooper & Schmidt, Pittsburgh, Pa.; for defendant.

MARSH, District Judge.

On May 14, 1959, a judgment of dismissal was entered in the above entitled action for lack of prosecution and failure to comply with Local Rule 5-II. The matter here under consideration is plaintiff's motion to set aside that judgment.

■ On April 12, 1956, the complaint was filed for Walter Dalrymple by his retained counsel, S. Eldridge Sampliner, Esq., of Cleveland, Ohio. It demanded damages pursuant to the Jones Act, 46 U.S.C.A. § 688, maintenance and cure and a jury trial. On March 6, 1958, an order fixing pretrial procedure was entered by Judge McIlvaine, and a pretrial conference was scheduled for May 15, 1958. The scheduled pretrial was continued on April 9, 1958, at the request of counsel for the plaintiff for the reason that the plaintiff had died on October 8, 1957; on May 23, 1958 the administratrix was substituted as plaintiff. On December 31, 1958, the parties were notified that this case had been placed upon the Pretrial Civil Jury List and the Pretrial Order of this court embodied in Rule 5-II required them to comply with its provisions. Subsequently, a pretrial conference was scheduled for May 14, 1959.

At the pretrial conference held three years after the complaint was filed, substituted plaintiff appeared by her local counsel. The conference was abortive in that plaintiff's retained counsel had not complied with any of the pretrial procedures required of him by Rule 5-II, and plaintiff's local counsel could not comply because he received no authority or cooperation from retained counsel.[1]

Paragraph C-2 of the Rule requires service upon counsel for defendant, within 60 days after the case has been placed on the Pretrial Civil Jury List, of a narrative written statement of the facts, medical reports, names and addresses of witnesses plaintiff expects to call, written authorization to inspect plaintiff's hospital records, and a list of damages plaintiff intends to claim or prove at trial. Ordinarily, the defendant should not be expected to comply with the Order until the plaintiff has filed the foregoing matter.

Plaintiff's retained counsel is very active in Jones Act litigation throughout the United States and for several years has frequently tried such cases in this court;[2] both he and the competent local

---

1. Local counsel stated at the conference:

"But I had no authority in the case to proceed with any pleadings as far as Mr. Sampliner's office is concerned. After the pretrial conferences on several other cases which I had represented his office in this Court, I wrote him advising that we would not have any laxity in the application of these rules." (Tr. of Pretrial Proceedings, p. 3.)

"[U]p until yesterday, I received nothing from Cleveland, Ohio, in spite of the fact that they were well aware of all of the requirements of our rules." (Tr. of Pretrial Proceedings, pp. 4–5.)

2. Some of his cases are:

Civil Action No. 12220, filed 4/28/54; tried 10/28/57.

Civil Action No. 12221, filed 4/28/54; tried 12/1/58.

Civil Action No. 14467, filed 3/29/56; tried 12/1/58.

Civil Action No. 14512, filed 4/13/56; pretrial conference 1/6/59.

counsel have been quite conversant with our local practice and rules for some time.[3]

The complete failure to prepare for the prosecution of a case which was then three years on our dockets, and the failure to timely request an enlargement of the time specified in the order fixing pretrial procedure and the continuance of the conference fixed for May 14th, which failure caused another litigant to be deprived of a place on the pretrial conference list, displays an utter disregard of the court order embodied in the Rule and the urgent necessity requiring its promulgation.[4]

The judgment of dismissal was entered pursuant to Rule 41(b), Fed.R.Civ.P., 28 U.S.C.A. ¶ H of Rule 5-II. Cf. Agronofsky v. Pennsylvania Greyhound Lines, 3 Cir., 1957, 248 F.2d 829.

■ Rule 41(b), Fed.R.Civ.P., provides for dismissal of an action for failure of the plaintiff to prosecute or to comply with any order of court. Paragraph H of Rule 5-II provides:

> " * * * If there is a failure to comply with the pre-trial rules, the Court may effect such penalties and sanctions as in the judgment of a judge the circumstances warrant, which may include the dismissal of the plaintiff's cause of action. * * * If all parties fail to comply, the action may be dismissed."

Rule 5-II, promulgated under Rules 16 and 83 of the Federal Rules of Civil Procedure, was designed to promote the expeditious processing of civil litigation in this court. Public opinion, congressional declarations, court statistics,[5] and oft repeated admonitions and suggestions of our judicial superiors have indicated the current urgency of eliminating our large backlog and prevent-

ing excessive delay by both court and counsel in the Western District of Pennsylvania. But unless appropriate sanctions are firmly imposed by the court for flagrant disobedience of its orders, the salutary purpose of Rule 5-II will be entirely frustrated and the progress of litigation in this district hopelessly impeded.

■ A judgment having been entered, the plaintiff in order to succeed in setting it aside would be required to show "mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment." Rule 60(b) (1), (6), Fed.R.Civ.P. As stated by Chief Judge Kirkpatrick in Teal v. King Farms Company, D.C.E.D.Pa.1955, 18 F.R.D. 447:

> "This [specification in 60(b)(1)] has been construed to mean that the mistake, inadvertence, or surprise, as well as neglect, must be excusable in order to give the Court the power to set aside the judgment."

Since proof of any of these grounds is absent, we are of the opinion that the judgment of dismissal should stand.

■ The motion presented to set aside the judgment does not contain allegations of mistake, inadvertence, surprise or excusable neglect. At the hearing on the motion no evidence was offered in that respect. Counsel relied solely on the arguments that Rule 5-II did not apply to seamen and that the plaintiff should not be penalized by dismissal because of the default of her counsel. No supporting authority was cited. We think these contentions are without merit.

While we are loath to deprive any litigant of the opportunity to have a claim decided on its merits, it is our opinion that the future effectiveness of Rule 5-II and the circumstances of this case

---

3. See footnote 1, supra.

4. According to the latest available figures, the median time from filing to disposition of cases tried in the Western District of Pennsylvania is 34 months. American

Bar Association Journal, June 1958, Vol. 44, No. 6, p. 552, by Will Shafroth, Division Chief, Administrative Office of the United States Courts.

5. See footnote 4, supra.

make such action both necessary and just. In the circumstances, should the judgment be set aside, the court would be participating in the delay which prevents "that promptness of decision which in all judicial actions is one of the elements of justice". Forsyth v. City of Hammond, 166 U.S. 506, 513, 17 S.Ct. 665, 668, 41 L.Ed. 1095.

### Order of Court

And now, to-wit, this 25th day of September, 1959, after argument and due consideration of the parties' briefs, it is ordered that plaintiff's motion to set aside order of dismissal of action be and the same hereby is denied.