**Ruby JOSEPH, Plaintiff-Appellant,**

v.

**NORTON COMPANY, Defendant-Appellee.**

**No. 110, Docket 25791.**

United States Court of Appeals
Second Circuit.

Submitted Dec. 10, 1959.

Decided Dec. 29, 1959.

Bernard Friedman, New York City (Lawrence G. Greene, New York City, on the brief), for plaintiff-appellant.

Thomas F. Keane, Brooklyn, N. Y. (Albert P. Thill, Brooklyn, N. Y., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and SWAN and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

The question for decision is whether Judge Dawson abused his discretion in dismissing with prejudice under Rule 41 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiff's suit for damages when plaintiff's trial counsel refused to proceed with the trial of the case because of the illness of the attorney of record who had assisted in the preparation of the case. We find Judge Dawson's action fully justified under the circumstances of this case and affirm the judgment of dismissal with prejudice.

The suit was brought on May 24, 1957 for injuries alleged to have been suffered from the bursting of a grinding wheel manufactured by the defendant. In November 1957 plaintiff's attorneys filed a note of issue and statement of readiness for trial. After a pre-trial conference in April, 1958, the case was placed on the trial calendar and on January 20, 1959 attorneys for both sides were advised that the case would be on the assignment calendar the next day. Applications for adjournments made by the plaintiff on January 21 before Judge Sugarman, and again on January 23 before Judge Palmieri, because of the illness of a medical witness for the plaintiff, resulted in adjournment to the head of the calendar for March 16, 1959. The plaintiff thereafter on March 9 notified the defendant that on March 16 she would move for discovery and inspection of the grinding wheel, and plaintiff followed this up with notice that the motion would be heard not on March 16 but on March 24. On March 18 when the case came before Judge Herlands, he denied the plaintiff's application for adjournment and marked the case ready for trial. The parties were then advised that Judge Dawson would try the case when he had finished a case then on trial. When the discovery motion came on before Judge Noonan on March 26 he denied it as untimely in view of the 15 months delay since the filing of the notice of readiness.

On March 31 the calendar clerk advised the parties that Judge Dawson would try the case the next day. When the case came up before Judge Dawson on April 1, Samuel Friedman, trial counsel for the plaintiff, applied for a further adjournment. He presented the affidavit of Robert N. Schwartz, sworn to March 31 stating that his partner Edward G. Galian "is ill and confined to his home since March 30," that Galian was "the only man fully familiar with all the facts and circumstances of this case and has had charge of the complete preparation of the case from its inception."

Judge Dawson ascertained that the calendar clerk had not been advised on the previous day of Galian's alleged illness, and he then offered to adjourn the case until 2 P.M. so that Mr. Friedman could further familiarize himself with the case in view of the claims regarding Galian's absence. This further postponement till 2 P.M. was more than generous in an ordinary tort case where trial counsel had been retained for some indefinite time prior to April 1. When Mr. Friedman persisted in claiming that he would not be able to go forward at 2 P.M. Judge Dawson dismissed the case.

Thereafter on May 5 the plaintiff moved to vacate the dismissal on affidavit of her substituted attorney, Bernard Friedman, her former trial attorney,

Samuel Friedman, Edward G. Galian, and a Dr. Paul Goetzel who attended Galian on April 1 and April 3. But these affidavits disclose no reason whatever why Samuel Friedman could not have proceeded with the trial of the action on April 1 at 2 P.M., as Judge Dawson suggested. The only specific information about the part that Galian played in the preparation of this seemingly simple accident case was that he had prepared a memorandum of law, that he had been in charge of the preparation and that he had attended examinations of witnesses. These facts did not support the claim that Samuel Friedman could not try the case. Indeed the affidavits studiously avoid any mention of what Samuel Friedman had done on the case, or even how long he had worked on it. This affidavit merely says that "he had agreed to act as trial counsel."

Under these circumstances Judge Dawson did not abuse his discretion in dismissing the case with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.[1] The alleged incapacity of Galian was not a good reason for not going forward with the case. The Judge had good cause to believe that the excuse was specious and not substantial. There was no factual showing whatever that trial counsel could not have proceeded at 2 P.M. In view of the prior maneuvering of plaintiff's counsel there was no reason why the court should have accepted the mere conclusions of counsel that he could not proceed.

We know of no case where it has been held an abuse of the trial court's discretion to dismiss a case when trial counsel was himself present and his only pretext for not being able to proceed was the illness of assisting counsel.

The New York cases cited by plaintiff all involve the illness of a trial counsel himself and in any event are not binding upon a federal court. It is the trial counsel whose presence and skill is required; his mere claim that he cannot try a simple accident case without a particular assistant at his side is a claim to which busy overburdened courts can and should pay no attention.

As Judge Dawson, himself a leading trial lawyer for many years before his appointment to the bench, said in his opinion: "This is a case which is illustrative of the delays which create court congestion." [24 F.R.D. 73]

Calendar Rule 7(d) of the District Court for the Southern District of New York states:

"Each case assigned to a trial part shall be tried or dismissed. Where good cause for adjournment has arisen after assignment to a trial part, application for adjournment shall be made to the trial judge."

When the case has been assigned to a trial part, further adjournment should be granted only for "good cause." On this record it is clear that no good cause was shown for further indulgence. It it to the interest of everyone concerned with the proper administration of justice, and especially to litigants and witnesses, that our trial courts should move cases forward for trial and dispose of them promptly when they are reached, except where clear and compelling reasons supported by unequivocal and detailed facts require some further adjournment.

Affirmed.

1. Rule 41(b) states in part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."