William LINK, Plaintiff-Appellant,

v.

WABASH RAILROAD COMPANY, Defendant-Appellee.

No. 13221.

United States Court of Appeals Seventh Circuit.

May 26, 1961.

Rehearing Denied June 29, 1961.

"Pursuant to the inherent powers of the Court, and upon failure of plaintiff's counsel to appear at a pre-trial, which was scheduled for today, October 12, 1960, at 1:00 o'clock, pursuant to notice, under Rule 12, counsel having failed to give any good and sufficient reason for not appearing at said pre-trial, the cause is now dismissed."

The history of this litigation is revealed by the record before us in this appeal.

On August 24, 1954, plaintiff William Link filed his complaint in the district court against defendant The Wabash Railroad Company to recover damages for injuries alleged to have been sustained by him when he drove an automobile into a collision with defendant's train standing across a highway in Indiana.

On September 17, 1954, defendant appeared and filed its answer to the complaint.

On April 30, 1955, defendant filed its motion for judgment on the pleadings. On October 18, 1955, hearing was had on this motion. On November 30, 1955, the district court granted defendant's motion for judgment on the pleadings and ordered the cause dismissed. From this order of dismissal plaintiff appealed. On October 10, 1956, our court reversed and remanded the case for trial. Link v. Wabash Railroad Company, 7 Cir., 1956, 237 F.2d 1, certiorari denied 352 U.S. 1003, 77 S.Ct. 563, 1 L.Ed.2d 548 (February 25, 1957). On March 13, 1957, the mandate from this court was filed in the district court.

Subsequently, the trial court set the case for trial for July 17, 1957. On June 27, 1957, on motion of plaintiff and defendant not objecting, the trial date of July 17, 1957 was vacated; and the cause was continued.

On August 17, 1957, defendant filed interrogatories for plaintiff to answer.

On February 24, 1959, the trial court on its own initiative gave notice to the

Jay E. Darlington, Hammond, Ind., for appellant.

John F. Bodle, Lafayette, Ind., George T. Schilling, Lafayette, Ind. (Stuart, Branigin, Ricks & Schilling, Lafayette, Ind., of counsel), for defendant-appellee.

Before HASTINGS, Chief Judge, SCHNACKENBERG and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal by plaintiff from an order of the district court entered October 12, 1960 dismissing this cause of action for failure of plaintiff's counsel to appear in court for a pre-trial conference scheduled for hearing on that date.

The order appealed from reads:

**544**

parties, pursuant to Local Rule 11,[1] that the cause would be dismissed on March 25, 1959, unless the court ordered otherwise.

On March 24, 1959, plaintiff filed answers to defendant's interrogatories.

On March 25, 1959, hearing was had on the show cause order, and on June 4, 1959 the trial court entered an order retaining the case on the docket and setting it for trial for July 22, 1959.

On July 2, 1959, on defendant's motion, to which plaintiff agreed, the trial date of July 22, 1959 was vacated; and the case was continued.

On March 11, 1960, defendant filed additional interrogatories for plaintiff to answer. On April 15, 1960, after an extension of time granted by the trial court, plaintiff filed answers to the additional interrogatories.

On September 29, 1960, pursuant to Local Rule 12, effective March 1, 1960, the district court caused notice to be mailed to counsel for both parties scheduling a pre-trial conference in this case to be held in court on October 12, 1960, at 1:00 o'clock p. m.

It is undisputed that counsel for both parties received this notice of the pre-trial conference. It is undisputed that Local Rule 12 was in force at the times in question and was adopted pursuant to an order of the district court.

Local Rule 12 provides:

"The court may hold pre-trial conferences in any civil case upon notice given to counsel for all parties."

Pre-trial procedure is authorized by Rule 16, Federal Rules of Civil Procedure, 28 U.S.C.A. Local rule making power generally in the district court is derived from 28 U.S.C.A. § 2071. Rule 83, Federal Rules of Civil Procedure, provides:

"* * * In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

On October 12, 1960, at 1:00 o'clock p. m., the time fixed for the pre-trial conference, the district judge called this case for pre-trial hearing. Defendant's counsel was present in court. Plaintiff's counsel did not appear. At 3:00 p. m., plaintiff's counsel not having appeared, the district court entered the foregoing order of dismissal.

The transcript of the proceedings had in court preceding the entry of the order of dismissal reveals the following factual situation which is not disputed by plaintiff.

The district judge's secretary was called into court and requested by the court to make a statement. She said that she mailed notice of the pre-trial conference to all counsel on September 29, 1960. She gave the following report to the court:

"He [plaintiff's counsel] called about 10:45 [on Wednesday, October 12, 1960], and said he was in Indianapolis—that he was busy preparing papers to file with the [Indiana] Supreme Court. He said he wasn't actually engaged in argument and that he couldn't be here by 1:00 o'clock, but he would be here either Thursday afternoon or any time Friday if it could be reset.

"At first he asked to talk to you, but you were on the bench, and he then asked if I could convey this to you.

1. Local Rule 11 of the United States District Court, Northern District of Indiana, effective September 1, 1955 (now Local Rule 10, effective March 1, 1960) reads:

"Dismissal of civil cases because of lack of prosecution. Civil cases in which no action has been taken for a period of one year may be dismissed for want of prosecution with judgment for costs after thirty days notice given by the clerk to the attorneys of record unless, for good cause shown, the court orders otherwise." See, Darlington v. Studebaker-Packard Corporation, 7 Cir., 1959, 261 F.2d 903, 905, certiorari denied, 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed.2d 980.

"I asked him if he had contacted Mr. Bodle [defendant's counsel], and he said he had yesterday, and he said he couldn't be there, and I don't know, of course, if he meant for the pretrial or for the deposition."

She stated that she told plaintiff's counsel she would convey this message to the court and opposing counsel. She also reported that this was the oldest civil case on the court docket. It further appeared that this was the first and only attempt counsel made to have the pre-trial conference continued.

Defendant's counsel stated to the district court at this time that plaintiff's counsel called him on the preceding morning (October 11, 1960) from Indianapolis and stated that he expected to be in court for the pre-trial but did not know whether he would attend the taking of a deposition of plaintiff set for the next day. He further stated counsel said "he was doing some work on some papers." He said that was the extent of his contact with him "since the time the Court sent out its notice of the pretrial," which he received on September 30, 1960. He had a call from the secretary of the district judge reporting the message telephoned to her on the day of the hearing from Indianapolis by plaintiff's counsel.

The trial judge then reviewed the history of this litigation and pointed out that plaintiff's counsel had notice of the hearing, did not appear for the hearing and had failed to indicate any "reasonable reason" for not appearing. In view of all the circumstances surrounding counsel's action in the case, the trial court concluded that it should "exercise its inherent power to dismiss this action" upon "failure of plaintiff's counsel to appear at a pretrial \* \* \* counsel having failed to give any good and sufficient reason for not appearing at the said pretrial." The case was then dismissed.

■ Plaintiff first contends that the dismissal was erroneous because nothing was scheduled for hearing on October 12, 1960 except the pre-trial conference and that this "had not been set by any *order* of the court but by a 'pre-trial notice'" sent to counsel. We think this contention is without merit. The "notice" was sent pursuant to Local Rule 12 of the district court. Local Rule 12 had been promulgated by an order of the court. Certainly a notice sent pursuant to an order of the court embodied in a court rule does and should have all the force and effect of an order of the court. Further, plaintiff has not cited any authority requiring that a pre-trial conference be scheduled by a specific court order to give it validity. It is well settled that court rules have the force of law. Weil v. Neary, 1929, 278 U.S. 160, 169, 49 S.Ct. 144, 73 L.Ed. 243.

■ Plaintiff argues that there was no motion by defendant for dismissal. Since the trial court did not base its dismissal on Local Rule 11, supra, or on Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution, no such motion was required. It is quite clear to us that district courts have ample authority to "regulate their practice in any manner not inconsistent with" the Federal Rules of Civil Procedure, as provided in Rule 83, supra. This case comes within the purview of that rule.

■ Plaintiff maintains that Local Rule 12, supra, providing for pre-trial conferences, contains no sanctions calling for dismissal, or otherwise, and that in the absence of a provision for such sanctions the trial court erred. It is sheer sophistry to argue that the trial court has no inherent power to enforce its rules, orders or procedures and to impose appropriate sanctions for failure to comply. The authorities are all to the contrary.

In Darlington v. Studebaker-Packard Corporation, 7 Cir., 1959, 261 F.2d 903, 905, certiorari denied, 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed.2d 980, where we upheld the dismissal of a cause under another local rule (for want of prosecution), we said that "\* \* \* it is within the court's inherent power to so dismiss an action without authority of statute or rule," citing Hicks v. Bekins Moving

& Storage Co., 9 Cir., 1940, 115 F.2d 406, 408, 409. On the general inherent power of a court to dismiss an action as a sanction for disobedience of a court order, see Annotation, 4 A.L.R.2d 348.

■ Courts may exercise their inherent powers and invoke dismissal as a sanction in situations involving disregard by parties of orders, rules or settings. First Iowa Hydro Electric Coop. v. Iowa-Illinois Gas & Electric Co., 8 Cir., 1957, 245 F.2d 613, 628, certiorari denied, 355 U.S. 871, 78 S.Ct. 122, 2 L. Ed.2d 76; Refior v. Lansing Drop Forge Co., 6 Cir., 1942, 124 F.2d 440, 444, certiorari denied, 316 U.S. 671, 62 S.Ct. 1047, 86 L.Ed. 1746. In the recent case of Jameson v. DuComb, 7 Cir., 1960, 275 F.2d 293, 294, this court upheld a dismissal because of the failure of plaintiff to be present at the trial on the date previously set for the trial. The court there found no abuse of discretion on the part of the trial court. As the court pointed out in Refior, supra, 124 F.2d at page 444, "Every litigant has the duty to comply with the reasonable orders of the court and, if such compliance is not forthcoming, the court has the power to apply the penalty of dismissal." See also, Joseph v. Norton Company, D.C. S.D.N.Y.1959, 24 F.R.D. 72, affirmed 2 Cir., 1959, 273 F.2d 65.

The sanction of dismissal has been imposed for failure to comply with pre-trial settings. Dalrymple v. Pittsburgh Consolidation Coal Company, D.C.W.D.Pa. 1959, 24 F.R.D. 260; Wisdom v. Texas Co., D.C.N.D.Ala.1939, 27 F.Supp. 992. In Wisdom, supra, plaintiff failed to appear at the pre-trial hearing; and the court dismissed the case, on motion of defendant, for failure to prosecute the action and for failure to comply with the Federal Rules of Civil Procedure, pursuant to Rule 41(b) of such rules. In 5 Moore's Federal Practice, p. 1038, note 15 (2d ed.), it is said that the dismissal in Wisdom "could also be regarded as a dismissal for failure to comply with an order of the court * * *." In Dalrymple, supra, 24 F.R.D. at page 262, the court noted that its local pre-trial rule was promulgated under Rules 16 and 83, Federal Rules of Civil Procedure, and said that the local rule "was designed to promote the expeditious processing of civil litigation * * *." "But unless appropriate sanctions are firmly imposed by the court for flagrant disobedience of its orders, the salutary purpose of [the local rule] will be entirely frustrated and the progress of litigation in this district hopelessly impeded."

■ Plaintiff argues that there was adequate showing of the inability of his counsel to be present at the pre-trial conference. We disagree. His brief refutes this contention wherein he states, "Plaintiff's counsel has *previously* become engaged in an important matter in the *Indiana Supreme Court*, not oral argument but preparing urgent papers of some kind, which required him to be in *Indianapolis*. As often happens in law work, the task took longer than expected, so that it occupied the day which had been set for this pre-trial conference * * *." With knowledge of the time and place of the pre-trial hearing, plaintiff's counsel chose to complete his out-of-court work and called the district court and so advised it. In our opinion, this falls far short of being a legitimate excuse for failing to appear in court at the time fixed.

Plaintiff contends that the sanction of dismissal is unnecessarily harsh. In oral argument his counsel conceded that the district court might have disciplined him by imposing a lesser sanction. Many of the cases herein cited demonstrate that the character or degree of the sanction is within the discretion of the trial court. Under the circumstances of this case we find no abuse of discretion on the part of the trial court in dismissing the action.

Finally, in oral argument, plaintiff's counsel urged that his client should not be made to suffer a dismissal because of counsel's failure in this matter. The short answer to this is that the action or lack of action on the part of counsel is that of his client.

Pre-trial procedure has become an integrated part of the judicial process on the trial level. Courts must be free to use it and to control and enforce its operation. Otherwise, the orderly administration of justice will be removed from control of the trial court and placed in the hands of counsel. We do not believe such a course is within the contemplation of the law.

We find no error in the dismissal of this cause by the district court. The order of dismissal appealed from is affirmed.

Affirmed.

SCHNACKENBERG, Circuit Judge (dissenting).

I take as my text this 1952 pronouncement of the Supreme Court of New Jersey:

"The *dismissal of a party's cause of action* is drastic punishment and should not be invoked except in those cases where the actions of the *party* show a deliberate and contumacious disregard of the court's authority. * * * It seems to us that the plaintiff's conduct here did not warrant such severe punishment, particularly in view of the fact that the defendant would have suffered no loss by a further short adjournment which very well might have been granted on terms.

"* * * But courts exist for the sole purpose of rendering justice between parties according to law. While the expedition of business and the full utilization of their time is highly to be desired, the duty of administering justice in each individual case must not be lost sight of *as their paramount objective. * *"* (Italics supplied). Allegro v. Afton Village Corp., 9 N.J. 156, 87 A.2d 430, 432.

In this case there was an absence of the usual grounds for the involuntary dismissal of a suit. For instance there cannot be a serious contention that plaintiff's suit was vexatious or fictitious, 27 C.J.S. Dismissal and Nonsuit § 56, p. 403. We had already held in Link v. Wabash R. R. Co., 7 Cir., 237 F.2d 1, that his complaint stated a cause of action and we had remanded the case to the district court for trial. The United States Supreme Court denied certiorari, 352 U.S. 1003, 77 S.Ct. 563, 1 L.Ed.2d 548.

Defendant's counsel makes no effort to rely upon want of prosecution as a ground for the involuntary dismissal. Obviously defendant is in no position to make such a contention, inasmuch as it caused the district court to vacate the order setting the case for trial on July 22, 1959, and continue the case. Even if it had not done so, it is clear that its acquiescence in the delay would bar a dismissal of plaintiff's case for want of prosecution. 27 C.J.S. Dismissal and Nonsuit § 65(3), p. 445.

Therefore, there exists no basis for sustaining the dismissal order from which plaintiff has appealed, unless it is shown that there has been a disobedience by plaintiff of a court order. 27 C.J.S. Dismissal and Nonsuit § 59, p. 406. There is no such showing, because, first, there was no order commanding plaintiff to do anything and hence no possibility of his being disobedient, and, secondly, there is no evidence that the plaintiff even had any knowledge of the proceedings which the trial court described as its exercise of "its inherent power to dismiss this action" upon "failure of plaintiff's counsel to appear at a pretrial * * *".

It is unnecessary to discuss the rationale of the holding that a pretrial conference was called in accordance with rules and that plaintiff's counsel did not appear. Certainly there is no suggestion that plaintiff was ever ordered or even requested to appear at such a conference. His counsel was requested to do so and did not appear because, as he informed the judge's secretary, he was engaged in some activity in connection with business before the Indiana Supreme Court, at which time he requested a delay of a

.day or two for the conference. This message was conveyed to the trial judge. It further appears that plaintiff's counsel had informed defendant's counsel the preceding morning of his absence at Indianapolis.

On this showing the court dismissed plaintiff's case.

If one accedes to the proposition that plaintiff's counsel, despite his commitment at Indianapolis, should have been in attendance at the pretrial conference, and that his absence from the conference was inexcusable and made him amenable to discipline as an officer of the court, it is impossible to logically bridge the gap and to inflict disciplinary punishment upon his client rather than upon the attorney. The cause of action of the plaintiff for serious and permanent personal injuries and loss of earnings has been by the action of the court dismissed, not for any violation of any order by the plaintiff, but for an alleged dereliction by a lawyer who was held out to the plaintiff as one to whom he could entrust the handling of his case in the federal courts. It must be remembered that the attorney had been practicing for years in both the district court and this court of appeals.

The order now affirmed has inflicted a serious injury upon an injured man and his family, who are innocent of any wrongdoing. Plaintiff's cause of action, bearing the stamp of approval of this court, was his property. It has been destroyed.[1] The district court, to punish a lawyer, has confiscated another's property without process of law, which offends the constitution. A district court does not lack disciplinary authority over an attorney and there is no justification, moral or legal, for its punishment of an innocent litigant for the personal conduct of his counsel. Because it was neither necessary nor proper to visit the sin of the lawyer upon his client, I would reverse.