RIVERSIDE MEMORIAL MAUSOLEUM, INC., T/A Delaware Valley Memorial Center, L. Blumberg's Son, Inc., and Helen Rothchild Blumberg

v.

SONNENBLICK–GOLDMAN CORPORATION.

Civ. A. No. 75–1079.

United States District Court, E. D. Pennsylvania.

Oct. 17, 1978.

Arnold Levin, Philadelphia, Pa., for plaintiff.

Jon A. Baughman, Irwin A. Popowsky, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

This case presents a picture of persistent and studied indifference by the plaintiffs to court orders and to the time requirements of the Federal Rules of Civil Procedure. The litany of defiance follows:

On October 20, 1975, *mea sponte*, I ordered briefs to be filed on the question of subject matter jurisdiction. The plaintiffs' brief was due on November 4th.

November 4th came and went and no brief was filed on behalf of the plaintiffs, nor had there been any request for an extension of time.

On November 13th, nine days after the plaintiffs' brief was due, the parties filed a stipulation extending the time for filing the plaintiffs' brief to November 25, 1975.

November 25, 1975 came and went. There was no brief on behalf of the plaintiffs and no request for any extension.

On December 10, 1975, five weeks after plaintiffs' brief was originally due and fifteen days after it was due under the stipulation for extension, I entered an order dismissing the action for want of prosecution.

On December 16, 1975, plaintiffs filed a motion to vacate the dismissal which was denied on January 8, 1976. Finally, however, yielding to the entreaties of plaintiffs' counsel, on March 1, 1976 I vacated the orders of December 10, 1975 and January 8, 1976 and dismissed the action on other grounds.

After the case had been twice to the Court of Appeals and back, on July 18, 1978 I entered an order directing that all discovery in this 1975 case be completed as of September 5, 1978. On July 21, 1978, fully conscious of the September 5th cut-off date, the defendant filed interrogatories to the plaintiffs. The interrogatories inquired into the entire theory and factual basis of plaintiffs' claims. The answers were due on August 21, 1978.

August 21st saw the usual response from the plaintiffs—none. The answers were not filed nor was there any motion for an extension of time.

On August 24, 1978 the defendant served plaintiffs with a motion for sanctions together with a notice that the motion would be filed in this court on August 31st. The specific sanction sought and of which plain-

tiffs had notice was that the plaintiffs be precluded from offering any evidence as to the matters inquired into by the interrogatories.

The defendant's motion was duly filed on August 31st.[1] Plaintiffs filed a response to the motion for sanctions in which the only discernible reason given for non-compliance was that "[a]lthough the interrogatories number but eight, they are all-encompassing and the responses to the same *may be* quite voluminous." (Emphasis added). On September 1, 1978 I granted the motion for sanctions.

On September 6, 1978, after the completion date for discovery had expired, the plaintiffs filed a motion for extension of time to answer the defendant's interrogatories and on September 8, 1978, without getting permission from the court or enlargement of time for discovery, the plaintiffs filed what purported to be answers to the defendant's interrogatories. It turned out that the "voluminous" answers, filed eighteen days late and three days beyond the court-ordered discovery deadline, consisted of six pages and a host of largely irrelevant and non-responsive documents, none of which was referenced to the specific interrogatory to which it was supposed to refer. In addition, although the interrogatories sought specific dates and events, none was given. In short, the answers were both late and unsatisfactory.

On September 11, 1978 the plaintiffs filed a motion for reconsideration of my order granting the defendant's motion for sanctions and on September 13, 1978 this motion was denied.

On September 18, 1978 the following motions were filed: (1) defendant's motion for sanctions striking the plaintiffs' answers to interrogatories; (2) defendant's motion for summary judgment; (3) plaintiffs' answer to the motion for sanctions; and (4) plaintiffs' answer to the motion for summary judgment.

F.R.Civ.P. 37(d) states in pertinent part as follows:

"If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule."

Rule 37(b)(2)(B) provides that the court may enter an order:

". . . refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence."

It was pursuant to this rule that I entered my order of September 1, 1978 granting the defendant's motion for sanctions.

Time limits, whether embodied in the Rules of Civil Procedure or in the order of a court, are designed to expedite the orderly movement and disposition of litigation. If those time limitations can be flouted persistently and at will, they are meaningless. Admittedly, the sanction invoked here is a stringent one and plaintiffs argue that the preclusionary order, amounting as it does to a virtual dismissal of the action, constitutes an abuse of discretion. I do not agree.

We begin with certain fundamental concepts: (1) a trial judge with an individual calendar is charged with the duty of moving his cases expeditiously; (2) to do so, he must have the power to order time limitations and to see to it that the deadlines contained in the Federal Rules of Civil Procedure are enforced; (3) he must have wide discretion to impose sanctions, without which he is helpless to enforce the exercise of his power under (2). "The conception of a court helpless to control its calendars is a hopeless one." *Gamble v. Pope & Talbot, Inc.*, 307 F.2d 729, 735 (3d Cir. 1962) (Biggs, Ch. J., dissenting).

---

1. Local Rule of Civil Procedure 36 provides for service of a copy of the motion on respondent at least five days before filing and for the respondent to reply on the date set for filing.

■ Springing from these basics is the recognition of the inherent power of a court to invoke even the stringent sanction of dismissal for disregard of orders and rules.

In *Link v. Wabash Railroad Company,* 291 F.2d 542 (7th Cir. 1961), *aff'd* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the court said at page 546:

"Courts may exercise their inherent powers and invoke dismissal as a sanction in situations involving disregard by parties of orders, rules or settings."

This "inherent power" has been incorporated into the Fed.Rules of Civ.Procedure. Rule 37(b)(2)(B), under which defendant here moved, provides for a preclusionary order. However, Rule 37(b)(2)(C) provides that for failure to answer interrogatories the court may enter an order "dismissing the action or proceeding * * *". And Rule 41(b) provides in pertinent part:

"Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

When *Link* was affirmed by the Supreme Court, *Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), in holding that a motion by defendant was permissive and not mandatory, the Court said at page 630, 82 S.Ct. at page 1389:

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent not only from the many state court decisions sustaining such dismissals, but even from language

in this Court's opinion in *Redfield v. Ystalyfera Iron Co.,* 110 U.S. 174, 176, 28 L.Ed. 109, 110, 3 S.Ct. 570. It also has the sanctions of wide usage among the District Courts."

Thus, the power to impose a sanction which amounts to a dismissal cannot be doubted. I now examine the factors that led me to adopt this sanction, rather than a less stringent one.

■ First, plaintiffs were on notice that I would not let disregard of my orders go unnoticed. I had already dismissed the action once, in December, 1975, for want of prosecution, *i. e.,* failure to comply with two orders setting filing dates for briefs. Thus, it could hardly have come as a surprise to plaintiffs that the identical conduct could well result in the identical sanction.

Second, defendant's motion gave fair and explicit notice that this precise sanction of preclusion would be sought. Plaintiffs' answer to the motion was in reality no answer at all.

Third, plaintiffs' failure to answer the motion for sanctions did not stand alone as a single circumstance of dilatoriness or neglect. It was instead only one of three such omissions: the November 4, 1975 deadline for filing of briefs, the November 25, 1975 deadline for briefs, and the failure to answer timely defendant's interrogatories by August 21, 1975. "We need not decide whether unexplained absence from a pretrial conference would *alone* justify a dismissal with prejudice if the record showed no other evidence of dilatoriness on the part of the plaintiff. For the District Court in this case relied on *all* the circumstances that were brought to its attention, including the earlier delays." (Emphasis the Court's), *Link v. Wabash R. Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1391, 8 L.Ed.2d 734 (1962).

Fourth. Strict and forceful imposition of sanctions demonstrate, not only to the immediate litigants, but to the entire Bar, that the trial judge means what he says. The result is the orderly and expeditious movement of cases to final disposition. "Public opinion, congressional declarations,

court statistics, and oft repeated admonitions and suggestions of our judicial superiors have indicated the current urgency of eliminating our large backlog and preventing excessive delay by both court and counsel in the Western District of Pennsylvania. But unless appropriate sanctions are firmly imposed by the court for flagrant disobedience of its orders, the salutary purpose of [the local rule] will be entirely frustrated and the progress of litigation in this district hopelessly impeded." *Dalrymple v. Pittsburgh Consolidation Coal Company*, 24 F.R.D. 260, 262, (W.D.Pa.1959).

Fifth. Rule 37(d) authorizes, among others, the actions authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of the Rule. Those sanctions differ little in result among each other.[2] The net effect of each of these is to foreclose proof by the offending party. This, of course, does not always result in dismissal or summary judgment. That, however, is the incidental effect when the matters as to which there was a failure to respond go to the party's entire claim or defense. That the interrogatories were searching and complete in no way dilutes the power of the court to choose among its options.

In *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), where the district court dismissed the complaint for failure to answer interrogatories, the Court said, at page 642, 96 S.Ct. at page 2780:

"The question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing."

In *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976), "abuse of discretion" was defined in the context of an order of dismissal under Rule 41(b):

"A rule of thumb as to the meaning of the abuse of discretion standard provides that the trial court's exercise of discretion should not be disturbed unless there is 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'"

In exercising my discretion to grant a preclusionary order, and ultimately summary judgment, I weighed what I considered to be the relevant factors as set forth above. If, under the circumstances of this case, my action is an abuse of discretion, then we may as well junk the Federal Rules of Civil Procedure, deprive trial judges of the power to make orders for the conduct of their calendars and leave them both toothless and caponized in frustrated impotence.

At the oral argument on defendant's motion for summary judgment, plaintiffs' counsel admitted that in reality, he was asking me again to reconsider my preclusionary order. Counsel conceded that if that order remained untouched, summary judgment for defendant was inevitable. I decline to disturb my preclusionary order, and I will therefore grant defendant's motion for summary judgment. I will also grant defendant's motion to strike plaintiffs' answers to interrogatories.

---

2. Rule 37(b)(2)(A), (B) and (C):

"(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."