**Nathan R. ALLTMONT and Charles O'Neill v. UNITED STATES of America, United States Maritime Commission, Appellants.**

No. 9806.

United States Court of Appeals
Third Circuit.

Argued May 19, 1949.

Decided June 3, 1949.

See also 79 F.Supp. 827.

T. F. McGovern, Washington, D. C. (H. G. Morison, Assistant Attorney General, Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., Newell A. Clapp and J. Frank Staley, Washington, D. C., on the brief), for appellants.

Abraham E. Freedman, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellees.

Thomas E. Byrne, Jr., Philadelphia, Pa. (Timothy J. Mahoney, Jr., and Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), amici curiae.

Before McLAUGHLIN, O'CONNELL, and KALODNER, Circuit Judges.

PER CURIAM.

These are admiralty actions by seamen for personal injuries sustained in the service of the Tanker S. S. "Cedar Mills", a vessel owned by and operated on behalf of the United States, when said vessel was damaged by an explosion or explosions in the harbor of Ancona, Italy on November 19, 1945.

The district court decided that appellants must furnish the respondents with "copies of written statements of persons having knowledge of the accident, taken by the Federal Bureau of Investigation." There is a collateral problem regarding the discovery mechanics of obtaining such statements which does not concern us at this time.

Appellants, desiring review of the decision below, submitted to an interlocutory decree. That decree was entered as drawn by appellants' attorneys with the knowledge of and at least the acquiescence of, respondent's attorneys. The decree states that the question presented to and decided by the district court was whether appellants must produce the "investigation reports taken by agents of the Federal Bureau of Investigation." This language is of itself confusing with appellants' counsel at oral argument urging that the reports referred to in the decree are those made by the Federal Bureau of Investigation agents and with appellees now disputing this. F.B.I. Agents' reports might and on occasion probably do, refer to statements of witnesses and may contain quotations from such statements. Such reports, however, cannot be construed as the witnesses' statements called for by the particular interrogatory in question here.

Appellants state that they are sincerely interested in having the discovery question involved disposed of directly and finally. There is an irreconcilable conflict between the issue presented and decided below and that which is stated to have been the issue in the decree from which this appeal is taken. The decree contemplates a far different, far broader problem than the one which was actually before the district court and passed upon in the written opinion of that court.

The decree of the district court will be vacated and the cause remanded for further proceedings not inconsistent with this opinion.