MacNEIL BROS. COMPANY, Plaintiff, Appellant,

v.

Felix FORTE et al., Defendants, Appellees.

No. 5329.

United States Court of Appeals First Circuit.

March 25, 1958.

Angus M. MacNeil, Somerville, Mass., for appellant.

George Fingold, Atty. Gen., Massachusetts, and Edward F. Mahony, Asst. Atty. Gen., Massachusetts, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Appellant is represented by Angus M. MacNeil, Esq. MacNeil is a chronic litigant in state and federal courts, either in his own name or on behalf of corporations he controls. Our patience with him has just about become exhausted because of his repeated wasting of our time in defaults in cases which ought to be recognized as hopeless by any competent lawyer.

No diversity of citizenship is present here. MacNeil Bros. Company filed in the United States District Court for the District of Massachusetts a complaint against two justices of the Superior Court of the Commonwealth of Massachusetts charging that they had converted to their own use certain funds, the property of the plaintiff. Jurisdiction was asserted to be based upon the Civil Rights Act, 28 U.S.C. § 1343(1), in that the acts complained of (not even alleged to have been done in bad faith) were performed by defendants under color of their respective offices as Superior Court justices.

On November 5, 1957, the district court entered judgment dismissing the action. As authority for this dismissal, the district court cited Francis v. Crafts, 1 Cir., 1953, 203 F.2d 809, an obviously applicable precedent established by this court.

The losing party filed a timely notice of appeal from this judgment on December 2, 1957. On January 6, 1958, and again on January 20, 1958, the district court granted motions extending the time for docketing the case on appeal. The final enlargement by the district court required the case to be docketed here by February 10, 1958, and on that day the case was docketed. Notice was sent to Mr. MacNeil that the statement of points to be relied upon and the statement of the parts of the record to be printed as record appendix would come

due on February 20, 1958 (our Rule 24 (2), 28 U.S.C.A.), and that the filing of appellant's brief and record appendix would come due March 12, 1958 (our Rule 24(8)). On February 20, 1958, the two statements were not filed, and thus appellant became in default. On March 10, 1958, Mr. MacNeil brought in to our clerk's office the two overdue statements, not accompanied by any motion for leave to file such documents late. March 10 was only two days before appellant was supposed to file its printed brief and record appendix. It was no surprise to us that March 12 came and went with no brief or record appendix having been offered for filing, so that appellant was again in default, and there was no motion on behalf of appellant for enlargement of time for the filing of the brief or record appendix.

Accordingly, a motion was filed by appellees, and is now pending before us, asking for dismissal of the appeal for want of prosecution. Under our Rule 24(9), this court might of its own motion have dismissed the appeal. However, we waited for a motion to that effect by the appellees, which was served on appellant on March 13, 1958. Appellant filed an opposition to this motion, coupled with a motion for leave to file its brief and record appendix out of time. We think the motion to dismiss should be granted.

Furthermore, appellant filed no bond on appeal as required by Fed.Rules Civ. Proc. Rule 73(c), 28 U.S.C.A. Paragraph (a) of that Rule provides that although failure to take any of the further steps to secure the review of a judgment appealed from does not affect the validity of the appeal, it may be ground for such action as the appellate court deems appropriate, "which may include dismissal of the appeal". See Hargraves v. Bowden, 9 Cir., 1954, 217 F.2d 839. Angus M. MacNeil, as attorney, has been faced with this question of the necessity of an appeal bond in several instances including two cases numbered 4999 and 5047 wherein we dismissed the appeals on October 27, 1955, upon failure of this same appellant, MacNeil Bros. Company,

to file a bond on appeal in proper form after we had ordered the same to be filed.

A judgment will be entered dismissing the appeal for want of diligent prosecution.