**MacNEIL BROS. COMPANY et al.,**
**Appellants,**

v.

**STATE REALTY COMPANY OF BOS-**
**TON, Inc., Defendant, Appellee.**

**No. 5440.**

United States Court of Appeals
First Circuit.

Submitted Jan. 2, 1959.

Decided Jan. 14, 1959.

A. M. MacNeil, Somerville, Mass., for appellants.

Phillip Cowin, Boston, Mass., and Fox, Orlov & Cowin, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This appeal is a backwash of our decision in Matter of MacNeil Bros. Company, 1 Cir., 1958, 259 F.2d 386, 388, in which case we declined to review by a writ of mandamus an order of the United States District Court for the District of Massachusetts entered April 7, 1958, reading as follows: "Having examined the Petition for Removal, so-called, and all papers accompanying same filed therewith, the only matter that is clear to the court is that the petition must be, and

it hereby is, dismissed, for, among other reasons, lack of jurisdiction."

After our decision in the foregoing case was handed down, there was some correspondence back and forth between Angus M. MacNeil, Esq., and the district court. Finally, on October 7, 1958, Judge Aldrich made an order, which was duly entered on that date, reading as follows:

"Treating the annexed letter from counsel dated October 4, 1958 as a motion under Rule 60 [28 U.S.C.A.], or otherwise, to vacate, amend, or set aside judgment, I see no reason for so doing. In addition to the isolated sentence quoted from the opinion of the Court of Appeals to the effect that the removal provisions of the Judicial Code make no reference to any such type of order as was here made, the opinion also points out that the Code makes no provision for removal of an action by a person who is not a defendant. It seems obvious that the Code could not be expected to express what response or disposition should be accorded to an extraordinary petition, for which there was no original provision or authorization. The so-called removal petition on its face never having brought the state court action here, there was nothing to remand.

"The motion is denied."

Thereafter, on October 29, 1958, the following notice of appeal was filed:

"United States District Court
for the District of Massachusetts

"MacNeil Bros. Company et ali
          Plaintiffs
     v.                    58–354–A
State Realty Company of Boston
  Inc.,
          Defendant
     v.
Adrian Corporation et ali
     Third Party Defendants

"Notice of Appeal to Court of
     Appeals under Rule 73(b)

"Notice is hereby given that the Plaintiff and the Third Party Defendants above named in the proceedings, hereby appeal to the United States Court of Appeals for the First Circuit from the order of Court denying their motion for vacation of the orders of dismissal as more completely described in the Memorandum of Court dated Oct 7 1958.

"Said order was entered in this action on Oct 7 1958.
          "By their attorney
               "Angus M. MacNeil
          "547 Somerville Avenue
          "Somerville, Massachusetts."

As appears from our opinion in the mandamus action, the only proceeding which was ever pending before the district court was the so-called Petition for Removal, filed by Adrian Corporation, Belknap Corporation, Concord Corporation, Delmont Corporation, and Boston Development Corporation. In the caption to the Notice of Appeal, these five corporations are described as "Third Party Defendants"; but we have before us no record indicating that they ever were admitted as parties. Indeed, the inference from the order of October 7 is that they never were made parties to the suit for redemption of certain real estate which was instituted in the state court by MacNeil Bros. Company against the State Realty Company of Boston, Inc.

We now have before us a motion to dismiss, filed by State Realty Company of Boston, Inc., appellee herein. A memorandum in opposition has been filed by Angus M. MacNeil, Esq., on behalf of appellants. We repeat what we had occasion to say in MacNeil Bros. Company **v.** Forte, 1 Cir., 1958, 253 F.2d 500:

"Appellant is represented by Angus M. MacNeil, Esq. MacNeil is a chronic litigant in state and federal courts, either in his own name or on behalf of corporations he controls. Our patience with him has just about become exhausted because of his re-

peated wasting of our time in defaults in cases which ought to be recognized as hopeless by any competent lawyer."

In the memorandum of opposition to the motion to dismiss, MacNeil takes exception to the statement just quoted. But the characterization was derived from our own records, which cannot be explained away.

■ If we ever got to the merits of the present appeal, we could only reverse the order of October 7, 1958, refusing to vacate the earlier order of April 7 upon a determination that the rendition of the order of October 7 constituted an abuse of discretion—which would be hard for us to conclude in view of the circumstances related by us in the mandamus case. But we do not reach the merits because we think the present appeal should be dismissed for failure of appellants to follow the rules governing the prosecution of appeals.

We also stated, in MacNeil Bros. Company v. Forte, 253 F.2d at page 501:

"Furthermore, appellant filed no bond on appeal as required by Fed. Rules Civ.Proc. Rule 73(c), 28 U.S. C.A. Paragraph (a) of that Rule provides that although failure to take any of the further steps to secure the review of a judgment appealed from does not affect the validity of the appeal, it may be ground for such action as the appellate court deems appropriate, 'which may include dismissal of the appeal'. See Hargraves v. Bowden, 9 Cir., 1954, 217 F.2d 839. Angus M. MacNeil, as attorney, has been faced with this question of the necessity of an appeal bond in several instances including two cases numbered 4999 and 5047 wherein we dismissed the appeals on October 27, 1955, upon failure of this same appellant, MacNeil Bros. Company, to file a bond on appeal in proper form after we had ordered the same to be filed."

References to cases Nos. 4999 and 5047 show that MacNeil is thoroughly familiar with the requirements of the rules regarding cost bonds. Nevertheless, he attempted to proceed here in disregard of these requirements. Rule 73(c) of the Rules of Civil Procedure provides that "a bond for costs on appeal shall be filed with the notice of appeal." The rule further provides that the appeal bond "shall have sufficient surety". Rule 73(e) provides:

"If a bond on appeal or a supersedeas bond is not filed within the time specified, or if the bond filed is found insufficient, and if the action is not yet docketed with the appellate court, a bond may be filed at such time before the action is so docketed as may be fixed by the district court. After the action is so docketed, application for leave to file a bond may be made only in the appellate court."

■ There was no appeal bond "filed with the notice of appeal" in the present case. Therefore, before the docketing of the case in the appellate court, this defect could be cured only by a later filing, pursuant to an order of the district court, as required by Rule 73(e). On the last day for docketing the case up here, the clerk of the district court accepted from MacNeil for filing, without any order from the district court, a so-called appeal bond. This bond was defective in many respects, including the defects which were pointed out by the clerk of the district court in Nos. 4999 and 5047, and which led to our dismissal of the appeals in those two cases.

■■ In the present posture of the case, it is just as though no proper appeal bond was ever filed in the district court. That brings into play the last sentence of Rule 73(e). "After the action is so docketed, application for leave to file a bond may be made only in the appellate court." A statement in the memorandum in opposition to the motion to dismiss may perhaps have been intended as a formal application to this

court. If so, we deny such application as a matter of discretion, in view of our past experiences.

It seems impossible for MacNeil to present appeals to this court unembarrassed by some procedural snarl; and the present case is no exception.

An order will be entered dismissing the appeal for lack of diligent prosecution.