MacNEIL BROS. COMPANY et al., Plaintiffs, Appellants,

v.

Wallace M. COHEN, Defendant, Appellee.

No. 5453.

United States Court of Appeals
First Circuit.

March 3, 1959.

See, also, 264 F.2d 190.

Angus M. MacNeil, Somerville, Mass., on motions of appellants.

Phillip Cowin, Boston, Mass., on memorandum of appellee in opposition to motions of appellants.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

We have before us a somewhat unusual motion—to say the least—filed by Angus M. MacNeil, Esq., on behalf of appellants, asking us to transfer the case to the United States Court of Appeals for the Second Circuit or for some other circuit.

Since this appeal is from various orders of the United States District Court for the District of Massachusetts, it may be wondered how the United States Court of Appeals for the Second Circuit could have any statutory jurisdiction to review such a final decision of a district court not within the Second Circuit. See 28 U.S.C. §§ 1291, 1294(1). There is no provision of law permitting such a transfer, similar to 28 U.S.C. § 1404(a), under which a United States District Court is authorized, for the convenience of parties and witnesses, in the interest of justice, to "transfer any civil action to any other district or division where it might have been brought."

It seems that for some years there has been litigation pending in the state courts of Massachusetts, initiated by a suit brought by MacNeil Bros. Company against State Realty Company, seeking redemption of certain real estate in Greater Boston from the operation of a mortgage. Behind State Realty Company is said to be the law firm of Fox, Orlov & Cowin. Being unable to obtain what MacNeil conceives to be "justice" in the state courts, he has indefatigably, and so far unsuccessfully, sought to transfer the subject matter of the suit to a federal forum. See MacNeil Bros. Co. v. Justices of Superior Court, 1 Cir., 1957, 242 F.2d 273, certiorari denied 1957, 355 U.S. 805, 78 S.Ct. 48, 2 L.Ed.2d 49; Handy Cafe, Inc. v. Justices of Superior Court, 1 Cir., 1957, 248 F.2d 485, certiorari denied 1958, 356 U.S. 902, 78 S. Ct. 561, 2 L.Ed.2d 580; MacNeil Bros. Co. v. Forte, 1 Cir., 1958, 253 F.2d 500; Matter of MacNeil Bros. Co., 1 Cir., 1958, 259 F.2d 386; MacNeil Bros. Co. v. State Realty Company of Boston, Inc., 1 Cir., 262 F.2d 364. In our system, it must be realized that it is not the function of federal courts to entertain all litigation designed to right alleged injustices inflicted in the state courts. It was in MacNeil Bros. Co. v. Forte, su-

pra, 253 F.2d 500, that we had occasion to say:

"Appellant is represented by Angus M. MacNeil, Esq. MacNeil is a chronic litigant in state and federal courts, either in his own name or on behalf of corporations he controls. Our patience with him has just about become exhausted because of his repeated wasting of our time in defaults in cases which ought to be recognized as hopeless by any competent lawyer."

It appears that the present case was begun on July 11, 1957, by the filing of a complaint, based on diversity of citizenship, in the United States District Court for the District of Maryland. In this complaint MacNeil Bros. Company and eight other Massachusetts corporations, plus Angus M. MacNeil individually, were named as plaintiffs. The sole defendant was Wallace M. Cohen, Esq., alleged to be a resident of Maryland and to have a usual place of business in Washington, D. C. It was asserted in the complaint that during the period involved Cohen was a partner in the law firm of Fox, Orlov & Cowin, and fully liable for the tortious conduct of his co-partners.

The district court in Maryland, 158 F. Supp. 126, made an order under 28 U.S. C. § 1404(a) transferring the case to the District of Massachusetts. In making this order Chief Judge Thomsen stated as follows:

"If the action is not dismissed, it should certainly be transferred to the District of Massachusetts under 28 U.S.C.A. § 1404(a), for the convenience of parties and witnesses and in the interests of justice. However, I cannot fairly deliver to a brother judge this prickly plant which sprouts new motions every few days without first considering the motion to dismiss.

"The complaint is confusing, especially in its allegations of various proceedings in the State Courts of Massachusetts; however, the motion to dismiss refers to these and other proceedings in the Massachusetts courts, and the parties agreed that in passing on the motion to dismiss I should consider a great many judgments, decrees and orders, copies of which were marked for identification. After reading those documents, I am satisfied that a proper ruling on the motion to dismiss requires a consideration of many questions of Massachusetts law and practice, with which this court is unfamiliar, but which would be familiar to a judge of the District Court for the District of Massachusetts. I have reluctantly concluded, therefore, that I should transfer the case to that court at this time."

What appears to be bothering Angus M. MacNeil, Esq., is that the defendant Cohen is now a partner in the Washington law firm of Landis, Cohen, Rubin & Schwartz. In the present motion it is asserted that "James M. Landis of Rye, N. Y. is in interest in the disposition of this case and a judgment rendered against the defendant herein would of necessity warrant a judgment of substantial amounts against said James M. Landis." The motion proceeds to set forth the undoubted fact that James M. Landis was formerly Dean of the Harvard Law School; that while serving in that capacity, one of his subordinates, as a Lecturer on Law, was the present Chief Judge of the First Circuit; that by reason of this association the Court of Appeals for the First Circuit has been prevented "from rendering a fair and impartial decision on matters of great concern to said Landis and his partners"; that the actions of this court in previous cases were motivated by "the purpose of prejudicing the cases against said Landis and his associates when the Court realized the seriousness of the said cases." Just how this could be so remains a mystery to us, since not until the present motion was filed was the Court made aware of any alleged connection of James M. Landis with this case.

■ At any rate, and ignoring for the moment the contemptuous and scandalous

allegations in this document, it is to be noted that there is no statutory provision applicable to the court of appeals similar to 28 U.S.C. § 144 authorizing a party to file an affidavit of prejudice against a judge sitting in the district court. In 28 U.S.C. § 47, it is provided:

"No judge shall hear or determine an appeal from the decision of a case or issue tried by him."

28 U.S.C. § 455 provides:

"Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."

Thus, whether a member of a court of appeals should disqualify himself because in his opinion he is so related or connected with any party or his attorney as to render it improper for him to sit in the appeal is a matter confided to the conscience of the particular judge. And of course if the judge does disqualify himself another judge is assigned, according to the provisions of law, to sit in his place; the remedy is not a transfer of the case to another circuit.

▮ In this case it is obvious enough that James M. Landis is neither a "party" to the litigation nor of counsel. The chief judge is therefore not disqualified to sit under 28 U.S.C. § 455. Even if he were, it is difficult to see why his two colleagues should be similarly disqualified. In addition, we are completely unable to perceive how a judgment rendered against the defendant Cohen herein "would of necessity warrant a judgment of substantial amounts against said James M. Landis." In the motion to remand which will be discussed presently, Angus M. MacNeil has submitted to us as proof of the facts contained therein a copy of a letter from Mr. Landis to him dated February 17, 1959, in which the following statement appears:

"The firm of Landis, Cohen, Rubin and Schwartz does not have nor has it ever had any direct or indirect interest, financial or otherwise, in the matter to which you refer. Mr. Cohen has never represented this firm in any dealings he may have had with you or anyone you represent. Furthermore, the firm of Landis, Cohen, Rubin and Schwartz has never represented Mr. Cohen in any action in which you have been a party nor has it appeared in any proceedings in which you or any of your claimants have appeared."

▮ Appellants have filed a second motion, upon the assumption that this court would decide not to grant their motion for transfer to the Second Circuit, asking us to remand the case to the United States District Court for the District of Massachusetts "for the purpose of enabling the Plaintiffs to file and prosecute a Petition for contempt of Court against the defendant based upon his false statements made in this case, and contradicted by his partner James M. Landis as exemplified by the attached letter. That it appears that numerous statements pertinent to the said partnership were filed in this case, for the purpose of deceiving the court, as appears from the docket and files in this case. That in as much as the said statements have been impeached by the partner of said defendant, review of the action of the District Court is in order and contempt proceedings should be instituted as against the defendant for said false statements."

Just how "review of the action of the District Court" would follow from our granting the pending motion to remand is not too clear to us. Granting of the motion would have the effect of dismissal of the pending appeal. See United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453.

There has been no request from the district court asking for such remand, and we have no reason to assume that that court, if free to do so, would find the defendant in contempt of court. Wheth-

er the so-called contempt is civil or criminal, or both, movants do not specify. It seems to us that if there was any contempt, it would be contempt of the District Court for the District of Maryland, not contempt of the District Court for the District of Massachusetts. Also, we have difficulty in seeing how the letter from Mr. Landis, quoted above, establishes contempt of any court by the defendant.

■ After the foregoing opinion had been prepared, we received from appellants yet another motion to remand, also based upon the assumption that the appeal would not be transferred to the Second Circuit as requested in the first motion. In this second motion to remand, appellants in effect urge this court summarily to decide the case on the merits without benefit of briefs or oral argument, and to remand the cause to the district court for further proceedings. Their grounds for this request are found in allegations that the court below treated a decree in one of the many related state court actions as final for purposes of res judicata, whereas only recently a state court had permitted some of these appellants, who were not previously parties there, to intervene in the state court proceedings.

The memoranda filed by the district court do not seem to support appellants' allegation as to the district court's *ratio decidendi*. Rather they seem to indicate that the court below considered the state court proceedings as still pending, but, notwithstanding that, that the federal complaint had to be dismissed because for various reasons it had failed to state a cause of action. Appellants do not attach to the pending motion a certified copy of any order by a state court, or even an affidavit of counsel in support of the allegations in the motion.

But even treating appellants' allegations at face value, and assuming we have power to grant the relief prayed, the motion must be denied since the question presented in this case is of some complexity and decision of it must await argument and decision on the merits in due course. This of course is said upon the assumption that we ever reach the merits of this appeal; there is still before us for disposition a motion by appellee to dismiss the appeal.

Orders will be entered denying the motion to transfer the case to the United States Court of Appeals for the Second Circuit, and denying the motions to remand the case to the United States District Court for the District of Massachusetts.