Jose SANTIAGO

v.

U. S. SECRETARY OF HEALTH, EDUCATION AND WELFARE.

Antonio ALAMEDA

v.

U. S. SECRETARY OF HEALTH, EDUCATION AND WELFARE.

Alfonso REYES–RODRIGUEZ

v.

U. S. SECRETARY OF HEALTH, EDUCATION AND WELFARE.

Civ. Nos. 77–828, 77–1852 and 76–497.

United States District Court,
D. Puerto Rico.

April 9, 1979.

Luis Espada Platet, Río Piedras, P. R., for José Santiago.

Feliciano Canino, Hato Rey, P. R., for Antonio Alameda.

Juan F. Doval, San Juan, P. R., for Alfonso Reyes-Rodriguez.

Julio Morales Sanchez, U. S. Atty., San Juan, P. R., for defendant.

DECISION AND ORDER

TORRUELLA, District Judge.

The Secretary of Health, Education and Welfare (hereinafter referred to as "the Secretary") has filed a Motion under F.R. Civ.P. 60(b) seeking to vacate and set aside the final judgment entered in each of the three cases captioned above. Defendant's Motion is predicated on the contention that, by its order of January 19, 1979 this Court acted in contravention of F.R.Civ.P. 55(e), and exceeded its powers under 42 U.S.C. § 405(g).

The terms of the order challenged herein evince that the arguments of movant have already been considered by us. This should suffice to deny the instant Motion. Nevertheless, we deem it appropriate to make certain pronouncements concerning the Secretary's litigation practices in these and other Social Security cases.

This Court can take judicial notice of the Secretary's persistent tendency to unnecessarily protract the requests for review brought under 42 U.S.C. § 405(g). The delay inherent in the majority of the cases is in no small part due to the Secretary's repeated requests for sixty days extensions of time to answer the complaint.[1] Once the answer is filed, the same pattern is displayed by the Secretary prior to the filing of his memorandum of law. Frequently, as has occurred in the instant cases, the time limits established in our orders are completely ignored by the Secretary, who not unusually remains idle for varying amounts of time upon expiration of these periods.

The record in these cases is self explanatory. In Civil Number 77–828, the original complaint was filed on June 1, 1977. Two days thereafter the Appeals Council decided to vacate its prior action, and remanded the causes to an administrative law judge for further proceedings. The Secretary, apparently unaware of the developments in his own agency, obtained four months of extension from the Clerk of this Court to answer the complaint. The Plaintiff, six months after the Appeals Council remanded the case, moved us to stay the proceedings pending the outcome of the proceedings a quo. Surprisingly, at the time of our stay order the Secretary filed another motion for a sixty day extension to answer the complaint.[2] Thereafter, upon completion of the administrative proceedings, Plaintiff retorted to an order of this Court by filing an amended complaint. The Court, on July 20, 1978 established a timetable and, in no uncertain terms directed the parties to give strict compliance thereto. Three months thereafter, in view of Defendant's complete inaction, the Court gave him a final period of ten days in which to abide by our prior order. An answer was filed on November 2, 1978. Thereafter on December 20, 1978, in light of the contumacious attitude of the Defendant in not filing his brief without any excuse or explanation whatsoever, the Court leniently gave him a final period of ten days in which to discharge his responsibilities towards the Court and the opposing litigant. It was not until thirty days thereafter, when the Secretary had again utterly failed to heed to reasonable and lawful court orders, that we entered the order which is the object of Defendant's vehement protestations.

In Civil Number 77–1852 the Secretary's answer was submitted five months after the filing of the complaint (see n. 2 supra). Upon the filing of the answer, the Secretary engaged in the second phase of dilatory conduct by requesting and obtaining from the Clerk, a four month extension of time for filing his brief. The last of the Clerk's orders expired at the end of August, 1978. It was not until *December 14, 1978, almost four months after expiration of the last time period,* that the Court, in view of Defendant's contumelious inaction, granted him a final term of fifteen days to file his memorandum of law. The Secretary again insolently disobeyed our orders and abused our leniency. No compliance nor excuse was forthcoming as of January 19, 1979, well after the final period had elapsed. It was this unfortunate state of affairs which compelled us to take firm action against the disobedient party.

In Civil Number 76–497, the Court had remanded the case to the Secretary on the merits after having given him more than

---

1. In complex civil cases, such an excessive amount of time to file a responsive pleading would be totally unwarranted. In cases like those at bar, it is difficult to conceive how a period of two to six months is needed to prepare the type of boiler plate answers which the Secretary always submits.

2. Needless to say, that futile utilization of judicial resources would have been avoided had the Secretary moved for remand at an early time under the provisions of 42 U.S.C. § 405(g).

*eight months* for the preparation of his legal memorandum. After completion of the proceedings on remand, the Secretary again disregarded the timetable established by the Court, failing to timely request further extensions or even inform us about any excuse for his noncompliance.

Although the factors summarized above are peculiar to each of the three cases at bar, they only constitute instances of the Secretary's systematic record of flagrant disobedience to judicial authority and obstinate abuse of this Court's leniency.

A random survey of nine active social security cases which have been referred to the undersigned in the past months confirms the aforestated view.[3] Thus, in Civil Number 78–970 the answer was filed more than four months after service of summons. The Secretary has thereafter requested two extensions of time to submit his brief, totalling one hundred and twenty days. The last extension expired on or about March 8, 1979, without the Court having received, as of this date, neither the brief due nor any other type of response from Defendant.

In Civil Number 78–1011 the Secretary has had more than six months after filing his answer to submit his legal brief. The last extension, which was expressly granted as final, expired on March 10 of this year, and it was not until March 26, that the brief was finally filed. A similar situation has been presented in Civil Numbers 78–1381 and 78–1456, where the Defendant has needed more than five months after the answer for preparation and submission of his brief.

An average time period of six months after the answer has also been prayed for by the Secretary in Civil Numbers 78–1413, 78–1109, 78–1486, 78–1495, 78–1618.[4] Indeed, in two of the said cases, to wit, 78–1413 and 78–1486, the Plaintiffs, faced with the unwarranted delay in their requests for review, have expressed impatience which, although not necessarily indicative of actionable prejudice, is nonetheless illustrative of the actual effect of Defendants procrastinative tendencies.[5]

It is the Secretary's argument that the Court was bound to evaluate the merits in these cases regardless of his conduct. We cannot quarrel with said interpretation if we take it as general proposition, in consonance with F.R.Civ.P. 55(e). However, if the Secretary's position were carried to its logical conclusion, he could *never* be required to comply with lawful orders of competent tribunals, and could in effect ignore them with impunity. We are not willing to ascribe such an intent to Congress.

Our resolution of these cases has not been characterized by us as a default judgment, albeit we are aware that its effect is, for all practical purposes, similar to that contemplated in F.R.Civ.P. 55. Rather, we felt bound to impose a harsh sanction on Defendant by reason of an attitude that has bordered on stubborn rebelliousness. At the time of entry of the order here in question, the Defendant already was in violation of the orders of this Court. Cf. *Howard v. Weinberger,* 489 F.2d 216 (C.A.5, 1974). Ordinarily, disobedient conduct like that demonstrated by the Secretary empowers courts to *sua sponte* default the defiant litigant.[6] *Luis C. Fortaleza e Hijos, Inc. v. Mills,* 534 F.2d 415 (C.A.1, 1976); *Flaksa v. Little River Marine Const. Co.,* 389 F.2d 885

---

3. The docket numbers of said cases are the following: 78–970, 78–1011, 78–1109, 78–1381, 78–1413, 78–1456, 78–1486, 78–1495 and 78–1618.

4. We emphasize that this sample has been indiscriminately chosen from records referred to us by the Clerk for our consideration in accordance with ordinary practice. As such, we believe that it reasonably reflects the situation in our universe of social security cases.

5. For example, Plaintiff's counsel in Civil Number 78–1486 filed, on March 23, 1979 a "Motion to Withdraw Representation", accompanied by Plaintiff's own handwritten letter, wherein it was stated that Plaintiff had lost confidence in her attorney because "the proceedings are taking too long."

6. In this context, the prejudice caused to the Plaintiff by the defaulting party is one of the factors that must be considered. *Midland Engineering Co. v. John A. Hall Const. Co.,* 398 F.Supp. 981 (D.C.Ind.1975), see n. 5, supra.

(C.A.5, 1968), cert. den. 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387. Moreover, even outside of the ambit of classical default provisions, the Government is subject to severe sanctions resemblant to that imposed herein when it violates its duty to act as a consciously responsible litigant. Cf. *Kahn v. Secretary of H. E. W.,* 53 F.R.D. 241 (D.C.Mass., 1971); *O'Neill v. U. S.,* 79 F.Supp. 827 (D.C.Pa., 1948), rev'd. on other grounds sub nom. *Allmont v. United States,* 174 F.2d 931 (C.A.3, 1949). See also: *Campbell v. Eastland,* 307 F.2d 478 (C.A.5, 1962), cert. den. 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502. Indeed to hold that we are powerless to condemn a party's disobedience to judicial authority would impair the paramount faculties of courts to enforce their writs and orders. As the Seventh Circuit Court of Appeals has stated in *Link v. Wabash R. Co.,* 291 F.2d 542 (C.A.7, 1961), aff'd. 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962):

". . . It is sheer sophistry to argue that a trial court has no inherent power to enforce its rules, orders or procedures, and to impose appropriate sanctions for failure to comply." 291 F.2d at 545.

The Secretary contends that there is no requirement in statute or case law that he should file legal briefs. Apart from the indispensability *vel non* of such briefs, this belated argument in no way can excuse

Defendant's repeated disregard of the terms fixed by this Court. Nevertheless, it is our opinion that the filing of briefs by the Defendant in these cases, although not expressly mandated by statute, is for all practical purposes a necessary requirement to give effect to the Secretary's duty under 42 U.S.C. § 405(g) to enlighten courts in their reviewing functions. The Secretary, not unlike any other litigant, has the obligation, both towards the Court and the opposing party, to expound on the factors which lend support to its position on review, as evidenced by the pleadings. See, F.R.Civ.P. 7(b)(1) and Rules 8(B), (E), (F) and (L) of the Local Rules for the District of Puerto Rico.

The concern about the necessity for a diligent resolution of the issues on review in Social Security cases, and this Court's frustration with the indolence usually demonstrated by the Secretary, led to the approval, on February 21, 1979, of a new provision in our Local Rules, specifying strict time limits for the resolution of actions brought under 42 U.S.C. § 405(g), and providing for sanctions by reason of noncompliance.[7] The import of this Rule was to give expression, *erga omnes,* to what was already an inherent faculty of this Court. We thus cannot accept the Secretary's insistence on the dispensability of briefs in these type of cases.[8]

---

**7.** Rule 29 reads in part as follows:

"A) Plaintiff, when filing a complaint, will state the Social Security Number. .

B) The defendant (the Secretary of Health, Education and Welfare), shall have sixty (60) days to answer the complaint and to file the administrative transcripts of the administrative proceedings. Defendant will not be granted any extension to answer the complaint in excess of thirty (30) days.

C) The time within which defendant has to file his memorandum shall be ninety (90) days from the date of the filing of the answer to the complaint.

D) No extensions beyond ninety (90) days will be granted to the defendant to comply with the provisions of (C) above.

Failure of any party to comply with the terms herein established may subject the offending party to appropriate sanctions including dismissal of the complaint, remand of the case for computation and payment of benefits pending

final outcome of the proceedings, disciplinary action against attorneys and such other measures as justice may require.

**8.** Under Rule 31 of the Rules of Appellate Procedure, Courts can refuse to consider any errors not adequately or timely raised in briefs. See, *Autrey v. Williams and Dunlap,* 343 F.2d 730 (C.A.5, 1965), reh. den. 346 F.2d 1007. In this context, serious sanctions are available for failure to submit a brief in support of the parties' positions on appeal. See *Larkin v. United States Ass'n. of Journeymen and Apprentices of Plumbing and Pipefitting Industry of U. S. and Canada,* 338 F.2d 335 (C.A.1, 1964), cert. den. 380 U.S. 975, 85 S.Ct. 1337, 14 L.Ed.2d 270; *MacNeil Bros. Co. v. Forte,* 253 F.2d 500 (C.A.1, 1958).

There is nothing indicating that Rule 31 of the Rules of Appellate Procedure, and the doctrines laid down thereunder cannot be enforced against the Government. Within the frame-

We recognize the severity of the Judgment questioned herein. We are also mindful of the policy of cautiousness which has always guided us in dealing with the Secretary's disdain of our orders. However, our disinclination to impose the harshest sanction cannot operate as a blanket rule of immunity in every imaginable situation. To accept the Secretary's claim for absolute prerogatives in the above captioned cases would in effect divest this Court of all vestiges of authority and would do an egregious disservice to legitimate interest of claimants. Cf. *Caswell v. Califano,* 583 F.2d 9 (C.A.1, 1978). That we are not willing to do.

Defendant's Motion to Vacate Judgment is DENIED.

IT IS SO ORDERED.

work of this matter, the duty to file briefs, as well as the sanctions for its violation, are exemplarily embodied in the recently enacted Rule 29.