### In re WAYNE MANOR, INC., Debtor.

### WAYNE MANOR, INC., Appellee,

### v.

### COMMONWEALTH OF MASSACHUSETTS, DEPARTMENT OF WELFARE, Appellant.

### Civ. A. No. 89–1905–Z.

United States District Court, D. Massachusetts.

July 23, 1990.

Harris G. Gorab, Boston, Mass., for appellee.

Helen A. Brown, Asst. Gen. Counsel, Dept. of Public Welfare, Boston, Mass., for appellant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This is an appeal pursuant to 28 U.S.C. § 158(a) (1988) from an adversary proceeding in bankruptcy. The plaintiff-appellant asserts that the bankruptcy judge erred in vacating an earlier final order.

The plaintiff is a nursing home participating in the Medicaid program. Under the Medicaid system, the defendant Department of Public Welfare (DPW) pays funds to nursing homes based on an interim rate established by the Rate Setting Commission. At the end of any given year, a final rate is established for each participating nursing home. If the final rate is lower than the interim rate at which funds were paid out, then the nursing home owes the difference to the DPW. Conversely, if the final rate is higher than the interim rate, then the DPW owes the nursing home the difference.

On February 23, 1989, the plaintiff began this adversary proceeding in order to, among other things, recover $44,731.44 which it claimed the DPW owed as a result of the difference between the amount paid out under the interim rate and the amount due under the final rate for 1987. A trial was held on May 3, 1989 during which the defendant admitted that it owed the plaintiff $44,731.44. The Bankruptcy Court noted in its Proceeding Memo/Order of Court, dated May 3, 1989, that "the turnover appears moot since [the] Commonwealth in its answer concedes [the] check is to issue." [1]

On July 7, 1989, because it had not yet received payment from the DPW, the plaintiff filed a motion to compel payment. At

---

1. The parties as well as the Bankruptcy Court treat this order as final. I do not here reach the question whether the May 3, 1989 order was final for purposes of Rule 60 because even if it was an interlocutory order, the outcome would be the same since the Bankruptcy Court has broad equitable powers to modify interlocutory orders. *E.g., A & A Sign Co. v. Maughan,* 419 F.2d 1152 (9th Cir.1969).

the hearing on the motion to compel,[2] the defendant opposed the motion on the following grounds. First, the DPW stated that it had just recently discovered that the Rate Setting Commission had determined that the amount actually owed the plaintiff for 1987 was only $2,789, not $44,731.44. Second, it stated that the plaintiff had known as early as January 1989—i.e., even before the plaintiff filed the complaint in the adversary proceeding—that the amount owed was only $2,789 because the Rate Setting Commission had sent the plaintiff a letter to that effect on January 31, 1989.

The Bankruptcy Judge took the motion to compel under advisement and suggested that the defendant file a motion to reopen the May 3, 1989 judgment. On July 31, 1989, the Bankruptcy Court by endorsement "allowed [the motion to compel] in the amount of $2,789 plus interest at 12% from Jan. 31, 1989." The Court further stated: "The Commonwealth showed a continuing inefficiency in its inter-departmental communication, on the other hand the debtor was guilty of something approaching deceit on both the Commonwealth and the court in concealing its knowledge well before its motion that the amount it was claiming was incorrect. Whatever the amount there was no excuse for the delay in payment."

The plaintiff appeals on the ground that the Bankruptcy judge improperly vacated its May 3, 1989 final order. The defendant contends that the Bankruptcy Court did not abuse its discretion.

■ Fed.R.Civ.P. 60 applies, through Bankruptcy Rule 9024 and with certain exceptions not here relevant, to cases under the Bankruptcy Code. *E.g., CADA Invs. Inc. v. Lake,* 664 F.2d 1158, 1161 (9th Cir. 1981). Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

Although no formal Rule 60 motion was before the bankruptcy judge when he *sub silentio* vacated the May 3, 1989 order, it was within his discretion to treat the defendant's opposition to the motion to compel as a Rule 60 motion, particularly in light of the fact that the defendant indicated at the motion hearing that a motion to reopen the judgment would be filed.[3] *See MacNeil Bros. Co. v. State Realty Co.,* 262 F.2d 364, 365 (1st Cir.1959) (letter from litigant treated as Rule 60 motion). Rulings on Rule 60(b) motions are reviewed only for abuse of discretion and will not be reversed unless the trial court's decision is clearly wrong. *United States v. One Urban Lot,* 882 F.2d 582, 585 (1st Cir.1989).

■ Based on the information presented to the Bankruptcy judge at the motion hearing and on the material submitted in support of the opposition to the motion to compel, all of which indicated that the plaintiff could have been pressing its claim for $44,731.44 in less than good faith, the Bankruptcy judge was not clearly erroneous in finding that the plaintiff was guilty of "something approaching deceit." The Bankruptcy judge needed to find no more than "misconduct" within the meaning of Rule 60(b)(3) in order to reconsider his earlier order. *Anderson v. Cryovac,* 862 F.2d 910, 923 (1st Cir.1988) (definition of misconduct within Rule 60(b)(3)). The Bankruptcy judge did not abuse his discretion in vacating the May 3, 1989 order based on his finding of the plaintiff's misconduct.

Affirmed.

---

**2.** Held on July 20, 1989.

**3.** Indeed, such a motion was filed on August 2, 1989. The Bankruptcy Court considered the motion moot given the July 31, 1989 decision.